IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| INESE KLEKERS, INDIVIDUALLY | § | |
| AND THE ESTATE OF ANDRIS | § | |
| KLEKERS, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. 05-36 |
| | § | |
| IDA STANLEY AND CELANESE | § | |
| AMERICAS CORPORATION, | § | |
|     Defendants | § | |

**ORDER AND OPINION ON DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

On this date came to be considered the "Defendants' Motion for Judgment on the Pleadings." The Court heard oral argument on the motion at the parties' Initial Pre-Trial Conference ("IPTC") held April 28, 2005.

**I.   JURISDICTION**

The Court has federal question jurisdiction under 28 U.S.C. § 1331, pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

**II.  PROCEDURAL HISTORY**

This action was filed by Plaintiffs Inese Klekers, individually, and the Estate of Andris Klekers ("Klekers") in the 347th Judicial District Court, Nueces County, Texas, on December 8, 2004. Klekers alleges that an oral representation

made to Andris Klekers by Defendants fraudulently induced him to forgo taking early retirement. Klekers also alleges that an oral assurance made to her by Defendants subsequent to her husband's death misrepresented that she would receive one hundred percent of her deceased husband's pension. Klekers alleges that such oral assurances and representations constitute state law claims of breach of contract and common law fraud. The case was removed to this Court on January 21, 2005, pursuant to ERISA preemption. An Order for the IPTC set the hearing for April 28, 2005. On April 21, 2005, Defendants Ida Stanley and Celanese Americas Corporation (collectively "Defendants") filed a "Defendants' Motion for Judgment on the Pleadings," pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). This motion was argued by the parties at the IPTC on April 28, 2005.

## III. DISCUSSION

Degan v. Ford Motor Co., 869 F.2d 889, 895 (5th Cir. 1989) held that "oral assurances and representations by an employer do not provide a cognizable claim under ERISA." The Fifth Circuit cited ERISA's strict prohibition against claims premised on oral representations. Id. The Fifth Circuit has held that ERISA preempts state law claims of misrepresentation on which plaintiffs relied, despite the fact that ERISA provides no remedy for the alleged misrepresentation. Lee V.

2

DuPont de Nemours and Co., 894 F.2d 755,757 (5th Cir. 1990).

Defendants argue that pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the Court should dismiss this lawsuit because the allegations of Klekers fail to state a claim upon which relief may be granted.

Klekers alleges that Defendants fraudulently induced her husband, Andris Klekers, not to take early retirement by orally advising him that under a new upcoming retirement plan, he would receive a higher benefit pension. In addition, Klekers states that shortly after her husband's death, Defendants orally assured her that she would be receiving her husband's full one hundred percent (100%)pension.  Instead, she was given a default benefit of fifty percent (50%). Defendants argue that because Klekers' state law claims of fraud and breach of contract relate to her deceased husband's retirement pension plan, they are preempted by the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").  Defendants also argue that because ERISA does not provide a remedy for allegations of oral misrepresentation, the Court should grant judgment on the pleadings in favor of Defendants.  Counsel for Klekers concedes that the current action is based solely on an allegation of oral misrepresentation.

## IV. CONCLUSION

Finding that the Fifth Circuit is very clear that ERISA cannot be modified by oral agreement, the Court hereby GRANTS "Defendants' Motion for Judgment on the Pleadings."

SIGNED and ENTERED this 5th day of May, 2005.

_____
Janis Graham Jack
United States District Judge